THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOEL B. MORRISON, Appellant, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF HAMILTON, Respondent.

*Board of supervisors — acts quasi judicially, and also as the debtor, in the audit of county claims — it may be compelled by mandamus to pay a claim in full — a party accepting the amount to which his claim has been reduced, when not estopped from enforcing payment of the balance.*

Although in auditing claims against the county a board of supervisors acts judicially, yet where no question of fact exists, where the amount of services rendered is undisputed, and where the rate of compensation is established by law or by an undisputed contract, so that on the facts a clear, unquestionable duty exists that the board should pay the claim, the board cannot reduce the amount of such claim upon the ground that it is a quasi-judicial tribunal.

The action of the board of supervisors in refusing to allow a claim under such circumstances is not reviewable alone by *certiorari ;* but as the board is the party, or the representative of the party, which owes the debt, a *mandamus* will issue in favor of the plaintiff to compel performance by the board of its duty in respect to the payment of such claim.

Where a party, having several claims against a county, receives a check from the county treasurer covering the audit by the board of supervisors of such claims, he is not precluded thereby from applying for a *mandamus* to compel the payment of one of the claims which has been unlawfully reduced by the board, although such amount to which the claim has been reduced is included in the check accepted by him.

Appeal by the relator, Joel B. Morrison, from an order made at Special Term, and entered in the office of the clerk of the county of Fulton on the 19th day of December, 1889, with notice that the appellant intended to bring up for review upon such appeal the proceedings, rulings and decision had and made at the Special Term of this court by which said order was granted.

The order appealed from denied an application for a peremptory writ of *mandamus* to require the Board of Supervisors of the County of Hamilton to audit and allow, and provide for the payment of, the claim of Joel B. Morrison, the petitioner and relator, to the amount of $360, with interest thereon. The claim was alleged to have arisen in pursuance of a contract made by the relator with the Board of Supervisors of the County of Hamilton, whereby the newspaper, "Adirondack Herald," printed and published in the

county of Hamilton, of which the relator was owner and editor, was designated as one of the official newspapers of the county.

*Clarence W. Smith,* for the appellant.

*John M. Carroll,* for the respondent.

LEARNED, P. J.:

A board of supervisors has a two-fold position. It is a tribunal for passing upon claims against the county, and it is also the representative of the county against which the claims are presented. And because it is such representative the court may properly compel the board to pay claims when there is no question of fact to be decided, and where such payment is a plain matter of duty and not of discretion.

There is no dispute about the facts in this case. The board designated two papers, one of which is the relator's, to do the public printing, and it established the price to be paid. The comptroller sent to the relator's paper the redemption list (so-called) of lands sold, to be published as required by law. The relator published the list, as was his duty. He rendered a bill to the board for printing, which included an item of $420 for the publishing of this list. The board allowed the bill, except that for the publishing of this list they allowed only sixty dollars. The total amount allowed was $686.50, for which the clerk gave him a check, which was paid. He now seeks by *mandamus* to compel the payment of the balance, $360.

The first point made by the defendant is that under chapter 515, Laws of 1886, the relator's paper was not properly designated. No such allegation is made in the opposing affidavits. And it will be seen by that law that in a certain case the board may designate the papers by resolution. We ought not to assume, with no proof as to the subject, that this case did not exist.

In the case of *People ex rel. Thompson* v. *Supervisors of Hamilton County* (73 N. Y., 604), the question was whether, under chapter 662, Laws of 1870, the supervisors had power to determine whether there should be one or more newspapers designated. The court held that the board had this power, and that, as it had designated one only, the comptroller was not authorized to publish in another also. But in this case two papers were designated; no

question was made as to the manner of designation ; the relator has acted thereon, and the defendant does not now set up any facts showing that a designation by resolution was not proper.    It is true that the language of the resolution is : " To do the - public printing," while the language of the act of 1886 is :  " To publish the laws." But it is plain that the publication of the Session Laws was intended.    Such publication was included in the relator's bill and was paid by the defendant ; and in its opposing affidavits it makes no claim that the resolution did not include the publication of the Session Laws.    It was its duty to make a designation, and it made no other than this.    The words " public printing " are broad enough to include the publication of the Session Laws.

The next point of the defendant is that in auditing and allowing the relator's bill at sixty dollars it acted judicially and its determination is conclusive.    It must be conceded that where a question of fact is to be determined by the board, such as the amount of work done for which a claim is made or the value of such work and the like, there the board has a right to decide, and *mandamus* will not lie.    But, on the other hand, where no question of fact exists, where the amount of services rendered is undisputed, and where the rate of compensation is established by law or by undisputed contract, so that on the facts a clear, positive, unquestionable duty exists that the board should pay the claim, then the board cannot evade this duty by saying that the board is a quasi-judicial tribunal. It may not always be easy to draw the line, but such we understand to be the settled distinction.    The latest case in which this matter was discussed is *People ex rel. Myers* v. *Barnes* (114 N. Y., 317), which case was heard a second time on a motion for a reargument. While the court held that, in that case, *mandamus* would not lie, the decision was on the ground that there was a disputed state of facts. And it was admitted that if the claims were made by statute, or by some settled rule of law, legal charges, the case would have come within the cases of *People ex rel. Johnson* v. *Supervisors of Delaware County* (45 N. Y., 196) and *People ex rel. Thurston* v. *Town Auditors of Elmira* (82 id., 80).    The same doctrine is found in *People ex rel. Kinney* v. *Supervisors of Cortland County* (58 Barb., 139).

But the defendant insists that where on undisputed facts it is the duty of the board to allow a claim at an amount determined by

statute or contract, yet that if they refuse to do this, such refusal is an error of law, which must be reviewed only by *certiorari*.  Here, however, it overlooks what was pointed out above, viz. :  That the board of supervisors is not solely a judicial tribunal, but it is also the person, or the representative of the person, which owes the debt.  If the board were merely a judicial tribunal, the court would not by *mandamus* control its action.  But it is the official body charged with the duty of causing the debts of the county to be paid.  And when there is no question as to the facts on which the debt arises, and as to the amount of the debt, then the board may be properly commanded to pay.  To refuse to pay is not a mere error of law, it is a breach of duty.

A further point of the defendant is that the relator has lost his rights by accepting the check which included part of his claim.  We think not.  Most of that check was for the rest of his bill.  He could not divide the check ; and was not bound to lose what was paid him.  There was no compromise of a disputed claim.  There was only a payment of a part of what was legally due.  In *People ex rel. McDonough* v. *Board of Supervisors of Queens* (33 Hun, 305), there was a dispute as to the facts, and the amount allowed and accepted was stated to be in full.  Such is not the case here.  (See, on this point, *People ex rel. Kinney* v. *Supervisors of Cortland County ut supra.*)  If, as we have shown, the board had no judicial discretion to exercise, a part payment does not satisfy the claim.

It was further urged by the defendant that the words " redemption list " in relator's bill did not necessarily mean the notice to redeem lands sold for taxes issued by the comptroller.  If the board had desired further evidence when the bill was presented, it might have so stated.  But it does not appear that any doubt existed as to what the bill meant.  In the affidavits used on this motion the matter is explained fully ; and the defendant's affidavits make no denial.  It is evident that the matter was perfectly understood.

Order reversed and peremptory *mandamus* granted, with fifty dollars costs and disbursements.

LANDON and MAYHAM, JJ., concurred.

Order reversed ; *mandamus* granted, with fifty dollars costs and disbursements.