(April 20, 1894.)

## EAKIN v. NEZ PERCES COUNTY.

[36 Pac. 702.]

AUTHORITY OF COUNTY COMMISSIONERS TO ORDER WARRANTS ISSUED.—
Under our statute the board of county commissioners are not
authorized to order the issuance of a warrant to a party for a
claim against the county, which they allow in part, unless such
party files a receipt in full for his account.

A PARTY HAVING CLAIM AGAINST COUNTY CANNOT ACCEPT PART
AND SUE FOR BALANCE.—A party will not be permitted, if dis-
satisfied with a part allowance made by the board, to accept the
same and sue for the balance. He must either forego the part
rejected, or submit his claim as a whole to the courts.

ATTENDANCE UPON DISTRICT COURT—SHERIFF NOT ENTITLED TO PER
DIEM.—Sheriffs are not entitled to a *per diem* compensation for
attendance upon the district courts.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

James W. Reid, for Appellant.

The plaintiff has twice presented his account to the board
of commissioners for settlement and allowance, but they re-
fused to allow the same, except in the sum of twenty-seven dol-
lars and fifty-five cents leaving a balance claimed by plaintiff
of $124.45. The warrant is in the hands of respondent, not ac-
cepted or receipted for, and it is apparent that the reasons as-
signed in the decision are groundless. Appellant is entitled to
recover. (Const., art. 18, secs. 7, 8; Acts 1890-91, pp. 175-177,
180, 181; Rev. Stats., secs. 1775, 1780.) The law imposes the
duty of attending terms of the district court on the sheriff,
(Rev. Stats., sec. 1871, subd. 4.) For this service and for
services rendered the public in criminal proceedings, until state-
hood, the sheriff received a salary. The adoption of the con-
stitution and subsequent legislation repealed sections 2120 and
2126 referred to and relied on by his honor. (Const., art. 18,
secs, 7, 8; Acts 1890-91, pp. 174, 180, 181.) The constitu-
tional right to compensation for this service rendered by appel-

lant for the benefit of respondent is self-executing. (Mills Ann. Const., sec. 227, p. 114; Cooley's Constitutional Limitations, 101; *Denver etc. R. Co. v. Atchison etc. Ry. Co.,* 15 Fed. 658.)

George M. Parsons, Attorney General, and James E. Babb, for County.

Section 1775 of the Revised Statutes requires a claimant, whose claim is allowed in part, to receipt for the claim in full on receiving the part allowed. By receiving the part allowed appellant waived his right to the balance. (*Yavapai Co. v. O'Neil* (Ariz.), 29 Pac. 430; *Pulling v. Supervisors,* 3 Wis. 337.) The allowance of a portion of a claim is not an acknowledgment on the part of the county of liability for the balance. (*Peoria County v. Roche,* 65 Ill. 77.) There is no law authorizing the payment of appellant for services attending district court. (Rev. Stats., secs. 2120, 2145; Laws 1890-91, p. 174, et seq.; *Board of Commrs. v. Bransom,* 4 Colo. App. 274, 35 Pac. 750; *City of Valparaiso v. Adams,* 123 Ind. BEJ, 24 N. E. 107; *People v. Supervisors of Eldorado Co.,* 11 Cal. 170; *Stockton v. County of Shasta,* 11 Cal. 114; *Schiel v. Cook Co.,* 137 Ill. 46, 27 N. E. 293; *Bickwell v. Amador Co.,* 30 Cal. 287.)

HUSTON, C. J.—The plaintiff brought action against the defendant county to recover certain sums of money claimed to be due to him from said county for services rendered as sheriff. By stipulation or agreement the case was heard at a term of the district court for Latah county. The case was heard before the court without a jury upon an agreed statement of facts, and a judgment rendered in favor of the defendant. Motion for new trial was made by plaintiff, and overruled, and it is from the order of the district court overruling said motion that this appeal is taken.

The first cause of action is set out in the complaint in the following words: "3. That on or about the 1st of April, 1893, there was a state warrant issued by S. J. Isaman, probate judge, in the name of the state of Idaho, against Jingle Brothers, and placed in the hands of this plaintiff, as such sheriff, for service and arrest of said Jingle Brothers; that, pursuant to said war-

rant, the plaintiff rendered service to the county in and about the service of the said warrant, and incurred expense for himself and his deputies to the amount of $152, all of which is set out in an itemized account thereof hereto attached, and marked exhibit 'A,' as a part of this complaint. 4. That said plaintiff has twice presented his account to the board of commissioners of said county of Nez Perces for settlement and allowance, and that the said board of commissioners refused to allow the same except the sum of twenty-seven dollars and fifty-five cents, leaving a balance due the plaintiff of $124.45. 5. That no part of the said $124.45 has been paid." The second cause of action set out in the complaint of plaintiff is as follows: "2. That, while acting as such sheriff as aforesaid, he rendered services to the said county as follows: Attendance in the district court of the second judicial district of the state of Idaho in and for the county of Nez Perces at the terms of said court, and for the following number of days, to wit. [Then follows a specification of the number of days' attendance at each of the several terms of said district court during the years 1891 and 1892, at five dollars per day, amounting to $215.] 3. That the plaintiff duly presented to the board of commissioners of the said county of Nez Perces a verified statement of said services as heretofore set out, and asked the said board to allow the same. Plaintiff shows that the said board refuses to allow the said claim, except the sum of thirty-three dollars. 4. That no part of said claim has been paid except the sum of thirty-three dollars, leaving a balance due the plaintiff of $182." Judgment is claimed for the sum of $306.45, being the amount of said claims disallowed by the board, and for costs.

It is conceded that a portion of the services set forth in the first cause of action were rendered in the state of Washington. In reference to claims presented to the board of commissioners of counties, section 1775 of the Revised Statutes of Idaho provides as follows: "The board may allow the claim in part and draw a warrant for the portion allowed, on the claimant filing a receipt in full for his account." In *Yavapai Co. v. O'Neil* (Ariz.), 29 Pac. 430, the supreme court of Arizona, construing a statute identical with that of Idaho, say: "It is a salutary rule that requires the claimant, if he be dissatisfied with the al-

lowance by the board, to either forego its part rejected, or submit his claim as a whole to the courts. It would be unfair to the county that he should accept that part of the determination of the board that is to his advantage, and make the other a subject of litigation. The observance of the rule that, when his claim is only partially allowed, the claimant must accept the part so allowed in satisfaction of his whole claim, or litigate it as an entirety, would directly tend to the discouragement of the presentation of fictitious and extortionate claims against the county. It is expressly provided that the board shall draw its warrant for the portion allowed, upon the claimant's filing a receipt in full for his account. This is necessarily, by construction, prohibitive of the issuance of the warrant upon any other condition; and of this the plaintiff must have been as well aware as was the board of supervisors, and the effect of the receipt by the plaintiff was to release the county from further liability." This, it seems to us, is a clear and satisfactory construction of the statute, and with it we are fully agreed. This would seem to dispose of the entire case, for, as before stated, the plaintiff admits in his complaint the receipt of a portion of each claim, and this admission is accentuated by his bringing suit for the balance only. It is the record which must govern this court, and not the statements of counsel, made either orally or in their briefs.

We might, and perhaps it would be better for us to, close this decision here; but a question is presented in the second cause of action in plaintiff's complaint, which counsel claim is one of such general interest, and about which there seems to be such a diversity of views among the officials interested therein, as to warrant us in giving it our consideration at this time. The second cause of action presented in the plaintiff's complaint is for attendance upon the terms of the district court for his county, for which he charges the county five dollars per diem. The board allowed thirty-three dollars of this claim, upon what principle, or by what authority, we are unable even to conjecture. It is contended by counsel for appellant that, as the statute (Idaho Rev. Stats., sec. 1871, subd. 4.) requires the sheriff to attend all terms of the district court, he must be entitled to compensation therefor. From a strictly scriptural standpoint,

this contention would seem to have some force; but as we are not permitted, in construing either constitutional or statute law, to resort to the vague and general utterances of inspiration, we must fain confine ourselves, in the consideration of this as of all other like questions, to the recognized legal rules of construction. At the time section 1871 of the Revised Statutes was enacted, sheriffs of the various counties of the then territory were paid salaries under a classification fixed by the statute, based upon the assessed valuation of property in each county, ranging from a minimum of $1,200 per annum to a maximum of $4,000 per annum, and, in addition to this, certain fees were also allowed him for specific services. One of the radical changes intended to be wrought by the adoption of the state constitution was a change in the mode and amount of compensation to county officials. It was claimed, by the committee of the constitutional convention who promulgated the "Address to the People" in behalf of the adoption of the constitution, that by such adoption there would result a saving to the taxpayers of the state upon the one item of "salaries of sheriffs" the sum of $36,000 per annum, and upon the salaries of the various other county officials a sum aggregating upward of $70,000—a sum equal to all the salaries of the state officers and all the judges, as provided in the constitution. It must therefore be apparent that the makers of the constitution in the formulation of that instrument, and the people in adopting it, supposed that it was a guaranty of a more economical administration of the government of our young and struggling commonwealth, especially so far as its local or county affairs were concerned. In pursuance of this much desired object it was provided, among other things, by section 7, article 18, of the constitution, that the compensation of sheriffs should be not more than $4,000 nor less than $1,000 per annum, together with such mileage as may be prescribed by law. It is further provided, by "said section 8" that "all fees and commissions received by such officers in excess of the maximum compensation per annum provided for each in section 7 of the article, shall be paid to the county treasurer for the use and benefit of the county." Section 9 of said ar-

ticle provides that "the neglect or refusal of any officer named in this article to account for and pay into the county treasury any money received as fees or compensation in excess of the maximum amount allowed to such officer by the provisions of this article, within forty days after the receipt of the same, shall be a felony, and the grade of the crime shall be the embezzlement of public moneys, and be punishable as provided for such offense." There is nothing doubtful, equivocal or uncertain in these provisions. The manner of compensation to officials, as well as the amount, was fixed within certain lines. It was the evident intent and purpose of the makers of the constitution that these county offices should, so far as practicable, be made self-sustaining, and that any revenue derived therefrom, over and above the limit of compensation prescribed to the incumbent, should be covered into the county treasury. Animated, doubtless, by the same spirit which inspired the makers of the constitution, the first legislature which met under the state constitution proceeded to carry out, in spirit and in letter, the provisions of the constitution in the enactment of a law fixing the fees chargeable by the various county officers. (Sess. Laws 1890-91, pp. 174-181.) In this act the legislature has provided, in extensive and laborious detail, the fees chargeable by the sheriff for every service incumbent upon or requirable of him, for his attendance upon the district court. There is no provision for the payment of anything in the way of compensation by the county, except in the event of the fees of the office falling below the minimum fixed by the statute. We are now asked by the plaintiff to do what neither the makers of the constitution nor the legislature have seen fit to do—that is, provided a *per diem* compensation to the sheriffs of the different counties of this state by construction. But there is no predicate upon which to base a construction; there is nothing to construe. We are not at liberty to assume that the omission of a provision for the payment of sheriffs for attendance on the district courts was an oversight on the part of the legislature; and, even if it were, the courts have no power or authority to supply such omission. That duty is imposed upon another branch of the government. Do counsel really comprehend the enormity of their propo-

sition? We should be equally justified in saying that the fees allowed by the legislature were insufficient, and we would therefore raise the amount. Very little respect, we apprehend, would the people have for a court that would endeavor to defeat the plain intent and purpose of the law simply because it could, especially when such action involves a sacrifice of the interests of the people in behalf of an individual of a class. We might with equal propriety be asked to negative by construction that provision of the statute which requires county officers to pay into the county treasury any fees received by them in excess of their salaries, as allowed by law, the neglect or refusal to do which is by the constitution made a felony. The experience of the people of Idaho shows that what the county commissioners of this state need in the matter of allowing bills is a bridle, and not a spur. Judgment of the district court affirmed, with costs.

Morgan and Sullivan, JJ., concur.