[Argued April 7; decided May 1, 1897.]

FLAGG *v.* MARION COUNTY.

(48 Pac. 693.)

IMPLIED POWER OF AGENT—MUNICIPAL OFFICERS.— Delegation of authority to an agent implies the power to do all things necessary, proper, usual, and reasonable in order to effectuate the purpose of the agency, and this rule is applicable to the agents and officers of municipal corporations as well as to the agents of private individuals.

AUTHORITY OF COUNTY CLERK TO CONTRACT FOR PRINTING BALLOTS.— The power expressly conferred on the county clerk by section 47 of the statute commonly known as the "Australian Ballot Law" (Laws 1891,

pp. 14, 23) to cause the official ballots to be printed, implies the power to bind the county by a contract for such printing, subject to the limitation that the price agreed to be paid must be reasonable.

PRESUMPTION OF REASONABLENESS OF PUBLIC CONTRACT.—A contract entered into by a county clerk under the power conferred upon him by section 47 of the "Australian Ballot Law" (Laws 1891, p. 23) to cause official ballots to be printed must, in the absence of an affirmative showing to the contrary, be regarded as reasonable and valid.

CLAIM AGAINST COUNTY.—The mere acceptance of a portion of a claim presented to a county is insufficient to create a presumption that the payment was either made or accepted in full of the claim, within the rule that if a claim presented to a county is allowed in part and rejected as to the residue, and the claimant, knowing of such action, accepts the amount allowed, such acceptance will be condsidered a satisfaction of the whole.

From Marion: GEORGE H. BURNETT, Judge.

Action by the firm of Flagg & Cronise against Marion County to recover the contract price of printing certain election ballots. A demurrer to the complaint was sustained, and plaintiffs appeal.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. William H. Holmes.*

For respondent there was a brief and an oral argument by *Messrs. Samuel L. Hayden,* district attorney, and *George G. Bingham.*

Opinion by MR. JUSTICE BEAN.

This is an action against Marion County to recover a balance of $290, alleged to be due the plaintiffs for printing election ballots. The plaintiffs allege in their complaint that in May, 1894, they were employed

by the clerk of the defendant county to print sixty thousand election ballots, for the agreed and stipulated sum of $700; that they duly performed their contract, and presented a bill for the sum stipulated to the county court for payment, but that the same has not been paid, or any part thereof, except the sum of $410, and judgment is demanded for the balance. A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was sustained. The argument in support of the ruling of the court below is (1) that while a county clerk may, under the law, contract for the printing of election ballots, he has no authority to bind the county by an agreement as to the price to be paid therefor, and hence this action should have been on a *quantum meruit*, and not for an agreed compensation; and (2) that plaintiffs are estopped from maintaining the action.

By section 47 of what is commonly known as the "Australian Ballot Law" (Laws of 1891, p. 23) it is provided that "the county clerk of each county shall cause to be printed according to law all the ballots required under the provisions of this act, and shall furnish the same in the manner hereinafter provided for the use of all electors in the county," and section 20 (Laws of 1891, p. 14) provides that "each county court shall audit and pay out of the county treasury such fees as the services performed by the county clerk and the sheriff, under this act, are, in the judgment of the county court, reasonably worth; also such other necessary expenses as are incurred by such officers in carrying out the provisions of this

act." It thus appears that the county clerk is required to provide the requisite number of election ballots, and the county court to pay the necessary expenses incurred by him in so doing. By the law the clerk is made the sole agent of the county for the purpose designated, and therefore has implied authority to make whatever contract or contracts may reasonably be necessary to enable him to perform the duty required of him. The rule is everywhere recognized that every delegation of authority to an agent carries with it the power to do all things which are necessary, proper, usual, and reasonable to be done in order to effectuate the purpose for which the agency was created. Thus, it is held that power conferred upon a committee to employ experts and investigate the affairs of a corporation implies the right to agree upon the compensation to be paid to the experts employed by it: *Star Line* v. *Van Vliet*, 43 Mich. 364 (5 N. W. 418). The same principle is laid down by Mr. Mechem in his work on Agency (§ 311), and by Judge Story in his work on the same subject: § 58. And it is believed this doctrine is applicable to the agents and officers of municipal corporations, as well as to the agents of private individuals, unless their powers are otherwise limited or restricted by some provision of law. Within this principle, the contract in suit is clearly valid. The power to cause the ballots to be printed necessarily implies the right to agree with the person employed by him to perform the work as to the rate of compensation. Without this power it would be difficult, if not impossible, for him to perform the duty required. It is very doubtful whether

persons could be found willing to provide the labor and incur the expense necessary to print the large number of ballots required in many counties of the state without some understanding as to their compensation.   In making a contract for the printing of ballots the county clerk of course acts in a public capacity, and cannot bind the county to pay an unreasonable sum for the services rendered; for such a contract, like all similar contracts by public officers, would be against public policy and void:   *County of Chester* v. *Barber*, 97 Pa. St. 455.   But the contract as made by him must, in the absence of an affirmative showing to the contrary, be regarded as reasonable and valid, and it is sufficient to support an action against the county for the agreed compensation.

It is next claimed that the plaintiffs are estopped from maintaining this action because they have accepted a part payment on their claim, and several authorities are cited to the effect that where one who has a claim against a county presents it to the county court for allowance, and it is allowed in part, and rejected as to the residue, and the claimant, knowing of such action, accepts the amount allowed, such acceptance will be considered satisfaction of the whole: *Brick* v. *Plymouth County*, 63 Iowa 462 (19 N. W. 304); *Board of Commissioners* v. *Seawell*, 3 Okl. 281 (41 Pac. 592). But the allegations of the complaint do not bring the cause within this rule; it simply avers that the claim was presented to the county court for payment, and that subsequently the sum of $410 was paid thereon. This is not sufficient under the rule contended for to create a presumption that the payment was either

made or accepted in full of the claim: *Fulton* v. *Monona County*, 47 Iowa 622. The judgment of the court below is therefore reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.