## GREEN & VAN DUYN v. LANCASTER COUNTY.

FILED MARCH 6, 1901.   No. 11,076.

1. **Evidence.**  Evidence examined, and *held* to support the verdict of the jury and the judgment rendered thereon.

2. **Instructions.**  Instructions given, set out in the opinion, *held* to correctly state the law under the evidence regarding the plea of accord and satisfaction in the answer of defendant.

3. ————.  It is not error to refuse an instruction regarding a proposition which is substantially covered by another instruction already given.

4. ————.  Ruling of trial court refusing an instruction requested to the effect that the claims filed by the plaintiffs were in part only of their demands against the county, *held* proper.

5. **Accord and Satisfaction:** EVIDENCE.  An agreement of accord and satisfaction, which has been performed, between a county board representing the county and those having claims against the county, may be proven by parol evidence in the absence of any written record or minutes of the county board of such agreement.

6. **Contract:** ACCEPTING BENEFIT: RECORD: ESTOPPEL. Where such contract has been executed and the plaintiffs have accepted its benefits, they can not be heard to complain because the same was not entered on the minutes of the county board.

7. **Session of Board:** RECORD: MEETING: PRESUMPTION. Where the minutes show a session of the county board for the transaction of business of the county, the session will be presumed to have been legally convened, and the burden is on the party assailing its legality to prove that it was neither a called nor a regular session.

8. **Beneficiary:** ESTOPPEL. A party who has received the benefits of an executed contract entered into with the county at a meeting of the county board is estopped from denying the legality of the session at which such contract was entered into.

9. **Testimony:** VALUE OF SERVICE. Objection to certain testimony of witnesses, who were permitted to testify as to the value of services claimed to have been rendered by plaintiffs, *held* not well taken.

ERROR from the district court for Lancaster county. Tried below before TUTTLE, J.  *Affirmed.*

*Walter J. Lamb, Lorenzo W. Billingsley* and *Robert J. Greene,* for plaintiffs in error.

*Thomas C. Munger* and *James L. Caldwell,* contra.

HOLCOMB, J.

Suit was instituted by the plaintiffs in error in the lower court against Lancaster county, defendant in error, on a written contract for services alleged to have been rendered and money expended in assisting the county commissioners of defendant county in refunding at a lower rate of interest, and negotiating a sale thereof, a series of bonds theretofore issued by the county and aggregating in amount some $350,000. Although stated in different ways in three separate causes of action, the gist of the petition is, in substance, that the plaintiffs had been employed to assist the county commissioners in the refunding of the bonds of the county at a lower rate of interest, for which, according to the contract on which

the action was based, they were to receive "a fair compensation for their services rendered and moneys expended in that behalf for the county," and that in pursuance of such agreement services were rendered and money expended of the total amount and value of $7,500, of which $4,500 was for moneys expended in and about the refunding and negotiating the aforesaid bonds, and that there had been paid the plaintiffs on account the sum of $2,000, leaving a balance due of $5,500, for which judgment was prayed. To this petition an answer was presented which consisted, first, of an admission of the contract, and that the plaintiffs rendered some services thereunder, a denial that there was anything due and a denial of all the other allegations of the petition; and, second, of a plea of accord and satisfaction, it being alleged, in substance, that after the bonds mentioned had been refunded, and all transactions connected therewith completed, demand was made against the county for services and expenditures claimed to have been made and performed under the contract; that the claims and demands were disputed by the county, and that the plaintiffs and defendant thereupon entered into an agreement of settlement of all demands of plaintiffs, whereby they agreed to file two claims of $1,000 each against the defendant, which it was agreed should be allowed, and that the defendant had satisfied and discharged all of said claims by paying the said plaintiffs the sum of $2,000 by the method agreed upon; and that the plaintiffs accepted and received the same in full satisfaction of their claims under the original contract. To this answer, in reply a general denial was filed. Upon a trial to the court and a jury a verdict was returned in favor of the defendant county. After a motion for a new trial was overruled, and judgment was entered on the verdict, proceedings in error were instituted in this court to obtain a reversal of such judgment. Several alleged errors are assigned and argued as grounds for a reversal, the principal ones of which will be noted in their order of presentation.

It is argued that the evidence is not sufficient to support the verdict and judgment. In other words, it is claimed that the plea of accord and satisfaction is not sustained by the evidence in the case. The argument is based on the following view of the case, assumed by plaintiffs in error as correct. It will be observed that under the causes of action as pleaded by the plaintiffs the sum of $4,500 is claimed to be due them for moneys expended in behalf of the county under their contract, and the further sum of $3,000 as compensation for services performed, which, after deducting or crediting the amount paid them, viz., $2,000, left a balance of $5,500 due. It is claimed by the plaintiffs that while there may be evidence tending to show and which may support a finding as to an accord and satisfaction of the claim for compensation for services rendered, it is entirely insufficient to prove any settlement of plaintiffs' demand for money expended in and about the matter of their employment under the contract. We are disposed to the view that this is too narrow a construction to place on the evidence relative to the alleged accord and satisfaction, and that if it justifies a finding in favor of the county of a settlement of any part or item covered by the original contract, it will warrant the conclusion that the accord and satisfaction was a settlement for all purposes. In other words, if the evidence justifies the inference that an agreement of accord and satisfaction was entered into, and that the claim for compensation for services was included therein, then it is sufficient to show a settlement of all matters in dispute between the county and the plaintiffs growing out of or in relation to the contract of employment.

In the claims filed by the plaintiffs and allowed by the county board it is stated that the claim is made for services or commissions, and also for moneys alleged to have been expended in behalf of the county. It is stated by several witnesses that the settlement was for expenses as well as for services, and for the whole transaction by

reason of which the plaintiffs claimed a right of recovery. The contract itself is but a single, indivisible instrument, which, once satisfied, cancels all obligations arising thereunder. Under a claim made by the plaintiffs, based on the terms of the instrument, which has been adjusted, the natural, probable and rational inference to be drawn therefrom is that it covered every item in controversy, and unless there is something disclosed by the evidence to indicate that the settlement was restricted to one branch only of the matters in controversy, we think a jury would be warranted in finding that the settlement was intended as a satisfaction and discharge of all obligations under the contract, even though each item may not be clearly and specifically expressed in the subsequent agreement. The evidence in this case we regard as amply sufficient to show that the agreement, if established, was intended to, and did, embrace the disputed item of moneys alleged to have been expended, as well as the claim for services rendered. Both or neither, we think, were satisfied in the manner alleged by defendant.

Regarding this same subject it is suggested that error was committed by the trial court in the giving and refusal of certain instructions to the jury. It is urged that before an accord and satisfaction can operate as a settlement of a prior claim of indebtedness, in the agreement there must have been a meeting of the minds of the parties touching the whole matter. The same point regarding the evidence is sought to be made and applied to the instructions, in which it is claimed this distinction or difference was not clearly presented to the jury, and by the refusal of an instruction requested by plaintiffs in which the distinction is recognized the plaintiffs were prejudiced to an extent calling for a reversal of the judgment. The requested instruction, among other things, says: "It is not sufficient on the part of the defendant to establish that at the time of the proposed settlement that they refused to pay more than $2,000.00  *  *  *

and that in pursuance thereof the plaintiffs might file two claims of $1,000.00 each and that the plaintiffs did so file two claims of $1,000.00 each which were allowed, but it is necessary in addition thereto for the defendant to establish to your satisfaction that the plaintiffs and each of them actually understood that and assented to their proposals, and agreed in fact to receive such sums as a satisfaction in full, and to release the county from all claims and demands under the contract." On the same point, the court, on its own motion, instructed the jury as follows:

"You are instructed that if you find from the evidence that there was a dispute in good faith between the board of county commissioners of defendant county, and the plaintiffs as to the amount justly due them under said contract, and that said dispute was settled by such county board agreeing to allow and pay, and the said plaintiffs to accept and receive, $2,000.00 in full settlement and satisfaction of said claim, and that in pursuance of said claim and that in pursuance of such settlement and agreement such sum of money was allowed by such board and paid to and received by said plaintiffs, then said plaintiffs cannot recover in this action, and your verdict should be for defendant.

"And you are further instructed that if you find from the evidence that there was a disagreement in good faith between the plaintiffs and said board of county commissioners with respect to the amount due and owing said plaintiffs under said contract, and that said board proposed to allow and pay to them the sum of $2,000.00 in full satisfaction and settlement of said claim, that then it was optional with said plaintiffs to accept said sum or to refuse the same. But if you further find that said plaintiffs exercised such option by accepting such allowance and receiving such sum, then they would be bound by the condition that such allowance and payment was in full satisfaction and settlement of said claim, to the same extent that they would have been bound had they

expressly agreed to such condition; and this would be true even as against any secret or expressed intentions to the contrary or any protests then or subsequently made."

We think the instructions given are a fair exposition of the law, and submitted the question to the jury in such manner that they were not misled or the plaintiffs in any way prejudiced. In the instructions given there was enunciated substantially the same proposition contained in the instruction requested and refused, the giving of which would have been only in the nature of a repetition and therefore unnecessary. The jury were required to ascertain and find whether there was a disputed claim existing between the litigants; whether, for the purpose of reaching a settlement and adjustment of the matter, both parties, in settlement and satisfaction of the prior demands and claims, entered into an agreement whereby the defendant agreed to pay the sum mentioned, and the plaintiffs to accept the same, in satisfaction of their claims and demands, and whether the money was so paid in pursuance of such agreement. It will hardly be contended that any secret intention or mental reservation could be considered by the jury in determining the truth of the matter. The question of the existence of the substituted agreement for the original contract was one properly for the jury, to be determined from the actions, conduct and statements of the parties thereto, and was fairly submitted to them in the instructions given. If they found that the defendant county proposed to pay the sum mentioned in settlement of the demands against the county made by the plaintiffs, and the proposition accepted and the money thereafter paid as agreed, this would be a complete bar to any recovery on the original contract. There was no error in the ruling of the court in refusing the instruction requested.

The payment of the $2,000 credited by plaintiffs on account and claimed by the defendant as a satisfaction of the entire demand was secured by filing two claims against the county which were allowed by the board,

each claim being of the same date, consecutively numbered, filed at the same time, for $1,000 each, and in each of which it was stated that the claims were "to part expenses, services and commissions for refunding $350,-000 5% Lancaster county bonds to $350,000 Lancaster county bonds drawing 4% interest." An instruction was requested based on the wording of the two claims, in which it was stated in substance that the filing and allowance of these claims were for part only of the amount due, and that they furnish no evidence of anything beyond or different from that contained in the record, that they are a payment and satisfaction of the amount claimed as written down and set forth in the claim upon which the board acted. The instruction was rightly refused. Whether or not these claims were allowed and paid in pursuance of the alleged agreement of accord and satisfaction, or otherwise, was a question for the jury, not on the wording of the claims alone, but under all the evidence bearing on the subject. In each claim, it is true, it is stated that it is in part of the expenses, services, etc., but the two parts when taken together may be compensation in whole or in full. Whether the compensation secured under the two claims was in full or only in part of the entire demand can not be ascertained from a reading of the claims themselves, but resort must be had to extraneous evidence to explain the ambiguity. The wording of the vouchers was not inconsistent with the claims of either of the respective parties. The jury were compelled to look elsewhere for evidence to satisfy them regarding their true intent and purpose.

The agreement of settlement claimed by defendant was proven by parol testimony, there being no record or minutes of the same kept in the journals of the county board. It is insisted that such evidence is incompetent and that the record of the filing and allowance of the claims can in nowise be affected by such parol testimony. It is said that the action of the board on the claims is judicial in its nature, and that any conversation or verbal

agreement in relation thereto is wholly immaterial and incompetent. We think counsel fails to distinguish between acts of the board which are administrative in character and those usually held to be *quasi*-judicial. In this case the contract, if made, of accord and satisfaction is administrative. It is the exercise of an authority belonging to the county board in the administration of the affairs of the county. It rests on the same power exercised in making the original contract. While the approval of the two claims was in form a *quasi*-judicial act, it was in this case a very perfunctory one, and, if defendant's theory is correct, was done in pursuance of, and for the purpose of carrying into execution, the prior agreement of accord and satisfaction. Leaving out of mind the judicial act of approval of the claims as filed, we are to consider whether the agreement of settlement, assuming it to have been made and not entered on the journal or minutes of the county board, can be proven by parol testimony. The county board was authorized to make such agreement. They appear to have made it. The same has not only been entered into, but also fully executed. We know of no rule, or of any reason for a rule, that would not allow a contract thus made and executed to be established by parol testimony in the absence of any record of the same. So far as our observation has gone, the authorities are uniform to the effect that such may be done in the absence of a statutory requirement that a record shall be made of a contract in order to render it valid and binding. *Ragoss v. Cuming County*, 36 Nebr., 375; *Jordan v. Osceola County*, 59 Ia., 388; *Baker v. Johnson County*, 33 Ia., 151; *Chicago, K. & W. R. Co. v. Stafford County*, 36 Kan., 121; *County of Franklin v. Layman*, 145 Ill., 138; *McCabe v. Commissioners of Fountain County*, 46 Ind., 380. The contract having been executed and the plaintiffs having accepted its benefits, can not be heard to complain because the same was not entered on the minutes of the county board. *Commissioners of Athens County v.*

35

*Railroad Co.*, 37 Ohio St., 205; *Pacific Bridge Co. v. Clacka-mas County*, 45 Fed. Rep., 217.

Finally, it is urged that the county board was not in legal session at the time of making the alleged contract, and could not, therefore, enter into any valid and binding agreement of the kind alleged by defendant. For two good and sufficient reasons this contention can not prevail. The evidence bearing on the subject is without contradiction, and the sole and only question is as to the proper conclusion to be reached therefrom. To maintain their position that the board was not in legal session the plaintiffs rely on the fact that the record or minutes of the county board do not contain any record of a call for a special meeting to be held on the 19th of February, the day the alleged contract was entered into, and, second, the record is silent as to adjournments of the board of its regular sessions from day to day from the time of its meetings in regular session on the second Tuesday in January until the 19th of February. Whether the board did in fact adjourn from time to time after meeting in regular session in January, to and including the 19th of February, is neither proven nor disproven from the record, except as to the proper presumptions which may be indulged in from the record as it appears. The record shows no final adjournment after the board convened in regular session in January prior to its session on February 19, when the alleged agreement was entered into; nor is it shown that an adjournment was taken from one meeting to another, which by the minutes appear to have been held for the purpose of transacting the business of the county. The presumption is in favor of the regularity of the proceedings after the regular meeting in January, and in the absence of a record showing an adjournment *sine die,* where it is shown that the board has met and transacted business from time to time, it will be presumed such sessions were continuous or in pursuance of prior adjournments, although the several adjournments are not noted on the records. The proof that the min-

utes of the meetings of the board did not show a call for
a special session does not prove that notice of a called
meeting was not in fact given as required by section 57,
chapter 18, Compiled Statutes. That section provides for
the county clerk calling a special session upon giving
five days' notice of the time and object of the meeting,
but the fact that a record was not made of the call would
not invalidate it if notice was actually given. The pre-
sumption being in favor of the regularity of the proceed-
ings of the county board in the exercise of their general
powers and duties in administering the affairs of the
county, and that they were duly convened when by the
record a session is purported to have been held, the bur-
den was on the plaintiffs to show that the meeting was
illegal or unauthorized, and having failed so to do, the
session will be held to have been duly convened and held
in the manner provided by law. *Rutherford v. Hamilton,*
97 Mo., 543; *Board of Supervisors of Wayne County v.
Circuit Judges,* 106 Mich., 166; *Allen v. Cerro Gordo County,*
34 Ia., 54; *Prezinger v. Harness,* 114 Ind., 491; *Stockton v.
Powell,* 29 Fla., 1, 61; *Brigins v. Chandler,* 60 Miss., 862.
Assuming, however, that the session of the board at
which the agreement was made was irregular and not
properly called, the plaintiffs are not in a position to take
advantage of the irregularity. The contract having been
entered into, under which they have enjoyed its bene-
fits and advantages by receiving and accepting the
sums of money paid thereunder, and the contract having
been fully performed, they can not now be heard to ques-
tion the regularity of the proceedings by which the agree-
ment was made and entered into. Under the pleadings
and the evidence, conceding the contract to have been
made as claimed by the defendant, the plaintiffs are
clearly estopped from questioning the legality of the
session of the county board at the time the agreement
was entered into. *City of Buffalo v. Balcom,* 32 N. E. Rep.
[N. Y.], 7; *Wilder v. Commissioners of Hamilton County,* 41
Ohio St., 601; *Commissioners v. Railroad Co.,* 37 Ohio St.,
205; *Pacific Bridge Co. v. Clackamas County, supra.*

Some objection is offered to certain testimony of witnesses for the defense residing in Chicago, who, over objections, were permitted to testify as to the value of the services claimed to have been rendered by the plaintiffs in the matter of refunding the bonds of the county under the contract. These witnesses show themselves qualified to testify on the subject, and we find no valid objection to the admission of the evidence objected to.

The judgment of the trial court is

AFFIRMED.