## PAULSON v. WARD COUNTY.

(42 L.R.A.(N.S.) 111, 137 N. W. 486.)

**Accord and satisfaction — claims against county — allowance — acceptance of warranty presumed to be in full payment.**

1. Where unliquidated claims against a county are duly presented to its board

Note.—The effect of the acceptance of partial allowance of claim by a public body as an accord and satisfaction is the subject of a note appended to the above case as reported in 42 L.R.A.(N.S.) 112, in which it is shown that, where the claim is unliquidated or disputed, a payment and acceptance of part in compromise is deemed to be a sufficient satisfaction of the whole; and, in harmony with the above case, it is held that the acceptance of a reduced amount allowed by a county upon a disputed claim concludes the claimant.

For the general subject of accord and satisfaction by part payment, see note in 20 L.R.A. 785.

of county commissioners for allowance, and the claims are considered together and allowed at a lump sum less than the amount claimed and a warrant is drawn for the amount so allowed, which warrant is accepted by the claimant, such acceptance is presumed to be in full payment of the claims presented.

**Accord and satisfaction — claims against county — allowance — acceptance of warrant.**

2. Claimant cannot accept said warrant and credit the amount thereof upon the total of the claims presented and then sue for the balance rejected. He must repudiate the allowance and submit his claim as a whole to the courts or accept the warrant in full payment.

Opinion filed July 24, 1912. Rehearing denied September 24, 1912.

Appeal by defendant from an order of the County Court for Ward County, N. Davis, J., overruling a demurrer to the complaint in an action brought to recover for professional services for the support of the poor of Ward County.

Reversed.

Dudley L. Nash, State's Attorney, and George L. Ryerson, Assistant State's Attorney, for appellant.

Where a claim against the county is presented to the Board of Supervisors and they allow a part of it and reject the rest, a claimant accepting the portion allowed, knowing that the rest has been rejected, cannot recover in an action, the portion rejected. Brick v. Plymouth County, 63 Iowa, 462, 19 N. W. 304; Cleveland County v. Seawell, 3 Okla. 281, 41 Pac. 592; Eakin v. Nez Perces County, 4 Idaho, 131, 36 Pac. 702.

---

For payment of part of a liquidated and undisputed debt as a consideration for the discharge of the whole, see notes in 11 L.R.A.(N.S.) 1018, and 21 L.R.A.(N.S.) 1005.

On the effect of acceptance of remittance of part of the amount of an unliquidated or disputed claim, accompanied with the statement that it is in full, or words of similar import, as assent to its receipt in full payment, see notes in 14 L.R.A.(N.S.) 443, and 27 L.R.A.(N.S.) 439.

For acceptance of principal sum as affecting the right to interest, see note in 40 L.R.A.(N.S.) 588.

For cases on agreement in advance to accept less than amount of appropriation, salary, or fee, see note in 36 L.R.A.(N.S.) 244.

Upon the right of town, county, or municipality to surrender valid claim upon a partial payment thereof, see note in 19 L.R.A.(N.S.) 320.

*George A. McGee* and *John E. Martin,* for respondent.

The unauthorized act of the overseer of the poor, in employing respondent to provide for the county charges in his district outside of the asylum may be ratified by a subsequent resolution of the board of county commissioners, where they could have authorized him, in the first place, to engaged said respondent. Hughes County v. Ward, 81 Fed. 314.

The allowance of a claim in part only by the board of county commissioners is no bar to an action against said county for the balance, where no appeal has been taken from such action of the board. Campbell County v. Overby, 20 S. D. 640, 108 N. W. 247.

Goss, J. This action is brought by a physician to recover for professional services and supplies furnished by him for the support of the poor of Ward county. The complaint recites the performance of services and the furnishing of supplies of the total reasonable value of $750, and that "bills in due form or law, duly verified and approved by a commissioner of the board as aforesaid, were presented to the board of county commissioners of Ward county for their consideration; and after mutilating said bills said board of county commissioners allowed the plaintiff herein the sum of $265, and no more. Wherefore plaintiff prays judgment against the defendant for the sum of $750, less a credit of $265." The trial court overruled a demurrer interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action. From this order defendant appeals.

The only deduction to be drawn from the complaint is that the county commissioners allowed $265 in full for the $750 of claims presented against the county, and that plaintiff has credited the $265 so allowed, and brought this action for the balance. This necessarily implies an acceptance by plaintiff of a warrant for county funds for the $265 allowed. Does the complaint show an executed accord and satisfaction barring plaintiff's recovery in the face of the demurrer? If this action was between private parties, we would have no hesitancy in holding the demurrer not well taken, as it would not sufficiently appear that the partial payment received was under an agreement that the same should be in full for the claim and so constitute an accord. But

where, as in this case, in the payment of claims by counties or municipalities, the law requires the presentation of itemized and verified claims to the board of county commissioners as the administrative and fiscal agents of the county for their approval and determination, upon the fact of whether the services were rendered and goods furnished as charged for, as well as the reasonable value thereof, and consequent approval in whole or in part before allowance, and with the requirement that said board shall order warranty in payment to issue for the full amount and no more at which the claim is approved, under the presumption of the regularity of official action, the warrant is issued as the result of a quasi judicial finding by the board on the claim presented. Of all this plaintiff was conclusively presumed to have knowledge before acceptance of the warrant or the cash proceeds thereof, as he is bound to know the law under which he presented his claim and sought its allowance and under which the warrant was issued. And the pleading of the issuance of the warrant and in effect its acceptance amounts to the pleading of an accord and satisfaction, and precludes him from claiming only partial payment, and thereunder crediting the amount received as a partial payment on the claim presented. He was bound to know that a warrant could not be issued, and accordingly tendered him as other than full payment of his claims, which he pleads were presented and considered, and for which *in toto* the warrant was issued. With knowledge of the law thus imputed and conclusively presumed, the acceptance of the warrant operated as an accord and satisfaction within the provisions of §§ 5269 and 5271, Revised Codes 1905. As to necessity of presentation of claims and allowance and payment to the amount allowed, see §§ 3162–3166, 2389, 2393, Revised Codes 1905. As sustaining our conclusions, see Perry v. Cheboygan, 55 Mich. 250, 21 N. W. 333; Wapello County v. Sinnaman, 1 G. Greene, 413; Brick v. Plymouth County, 63 Iowa, 462, 19 N. W. 304; People ex rel. O'Mara v. Cayuga County, 43 N. Y. S. R. 77, 17 N. Y. Supp. 314; Zirker v. Hughes, 77 Cal. 235, 19 Pac. 423; Rawlins v. Jungquist, 16 Wyo. 403, 94 Pac. 464, and opinion on rehearing in same case, 16 Wyo. 426, 96 Pac. 144; La Plata County v. Morgan, 28 Colo. 322, 65 Pac. 41; La Plata County v. Durnell, 17 Colo. App. 85, 66 Pac. 1073; Eakin v. Nez Perces County, 4 Idaho, 131, 36 Pac. 702; Yavapai County v. O'Neill, 3 Ariz. 363, 29 Pac. 430; Cleveland

County v. Seawell, 3 Okla. 281, 41 Pac. 592; Bowman v. Ogden City, 33 Utah, 196, 93 Pac. 561; Green v. Lancaster County, 61 Neb. 473, 85 N. W. 439; United States v. Adams, 7 Wall. 463, 19 L. ed. 249; United States v. Mowry, 154 U. S. 564, and 19 L. ed. 256, 14 Sup. Ct. Rep. 1213; 1 Cyc. 239, and notes, and Cyc. annotations. Consult also Flagg v. Marion County, 31 Or. 18, 48 Pac. 693; Rio Grande County v. Hobkirk, 13 Colo. App. 180, 56 Pac. 993; People ex rel. Morrison v. Board, 56 Hun, 459, 10 N. Y. Supp. 88; which three cases recognize the doctrine, but turn on the question of pleading.

All the foregoing cases are in point. We give the following excerpts from some of them: "The council audited the claim at $50. Now if plaintiff was dissatisfied with this allowance, he should not have applied for and received the warrant on the treasurer and obtained payment thereof. He must be held to have acquiesced in the settlement thus made. . . . There is no good reason why plaintiff is not estopped, by accepting payment of the amount allowed, from making a further-claim for the same services passed upon by the council." Perry v. Cheboygan, 55 Mich. 250, 21 N. W. 333. "The acceptance of the part allowed should be considered satisfaction for the whole. If the party desired to bring suit he should repudiate the allowance, refuse to accept the amount allowed, and bring his action." Wapello County v. Sinnaman, 1 G. Greene, 413. "The proposition is now made by the learned counsel for the plaintiff that, inasmuch as the board of supervisors did not pass upon the several items of the account rendered by him, but only upon the account as a whole, the case of the claimant is taken out of the ordinary and well-established rule. The force of this contention, however, is not apparent. If before accepting the sum of $412, the relator had ascertained that the board of supervisors had not passed upon the several items, he could undoubtedly, by refusin~ to accept the money thus offered, require that there should be an examination of and a passing upon the several items of his account. Not having done so, however, he is now, as it seems to us, precluded from making any claim upon such contention." People ex rel. O'Mara v. Cayuga County, 43 N. Y. S. R. 77, 17 N. Y. Supp. 314, which would answer any similar contention of this plaintiff regarding the act of the board in passing jointly upon all bills presented and making a lump allowance therefor. In Yavapai County v. O'Neill, 3

Ariz. 363, 29 Pac. 430, the complaint recites the reception and cashing of the warrant under an agreement between the claimant and the county commissioners that such acts should not foreclose the right to sue for the part of the claim rejected. On demurrer the court held the agreement to be void, and that the acceptance of the money discharged the claim in full. We quote the following: "That manner of presentation, allowance, and payment of claims against the county, prescribed by the statute from which we have quoted, being exclusive of any other, the right of the plaintiff to maintain this action is governed thereby, and as well, is the board of supervisors. It is a salutary rule that requires the claimant, if he be dissatisfied with the allowance by the board, to either forego its part rejected or submit his claim as a whole to the courts. It would be unfair to the county that he should accept that part of the determination of the board that is to his advantage, and make the other a subject of litigation. The observance of the rule that when his claim is only partially allowed the claimant must accept the part so allowed in satisfaction of his whole claim, or litigate it as an entirety, would directly tend to the discouragement of the presentation of fictitious and extortionate claims against the county." This case is quoted and followed in Eakin v. Nez Perces County, 4 Idaho, 131, 36 Pac. 702. In Cleveland County v. Seawell, 3 Okla. 281, 41 Pac. 592, we read: "It appears that the board of county commissioners allowed in part his claims presented for the use of such rooms. Warrants were drawn in his favor for the sums so allowed, which he accepted. As we find the law, such acceptance is a waiver of any further claim against the county. It is in the nature of an executed agreement to receive less than the amount claimed, and an acceptance of such sum will estop the party receiving the same from asserting his claim to the balance." And such are the holdings generally of all the cases. Some are placed upon the doctrine of estoppel, and some upon that of accord and satisfaction; the result is the same in either case, though technically the latter is probably the true doctrine.

We are not unmindful that as a general rule a defense of accord and satisfaction must be specially plead by answer to be available, and under Webster v. McLaren, 19 N. D. 751, 123 N. W. 395, proven as plead to avail a defense. But where an accord and satisfaction is alleged in the complaint, in an action against a county, we see no

good reason why a demurrer should not be sustained. And some of the foregoing authorities, particularly Yavapai County v. O'Neill, supra, decided on demurrer, and Rawlins v. Jungquist, 16 Wyo. 403, 426, 94 Pac. 464, and 96 Pac. 144, on page 147, wherein the defense was held available when defectively plead, are authority for our holding on this demurrer. It would seem that, in the absence of a plea of accord and satisfaction, public policy alone would be sufficient grounds for denying plaintiff judgment should he prove all the averments of his complaint, inasmuch as the legality of the disbursement of public money is involved.

Accordingly the order appealed from is reversed and the trial court will enter an order sustaining the demurrer. Appellant will recover taxable costs on this appeal.