A. D. DUNN, APPELLEE, v. DIXON COUNTY ET AL.,
APPELLANTS.

FILED DECEMBER 15, 1917. No. 19690.

1. Counties and County Officers: COUNTY COMMISSIONERS: DELEGATION OF MINISTERIAL DUTIES. Duties which are purely ministerial and not involving the exercise of discretion may be delegated to an agent by a board of county commissioners.

2. ———: CONTRACT WITH COUNTY ATTORNEY: ORAL PROOF. Where a party has rendered services to a county in the prosecution of a felony, under an agreement entered into with the county attorney acting as the agent of the county board, the authority of the county attorney to make the agreement, and the agreement made, may be proved orally, although not entered upon the minutes of the county board.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. J. McCarthy, Fred S. Berry* and *C. A. Kingsbury,* for appellants.

*C. H. Hendrickson, contra.*

MORRISSEY, C. J.

Appeal by a taxpayer from a judgment of the district court for Dixon county wherein plaintiff recovered a judgment for services rendered the county as an expert witness in the prosecution of a felony. One Flege had been tried and convicted of the crime of murder. The

(1)

judgment of conviction had been set aside and the cause remanded. The county attorney believed it necessary to procure the services of men eminent in the sciences of medicine and chemistry to do research work and testify as witnesses in behalf of the state. He so informed the board of county commissioners, and the record seems to bear out the claim that the board authorized the county attorney to engage the plaintiff and another for such services. No record of such authorization, however, was made by the board. That plaintiff rendered the services is not disputed, nor is it claimed that the amount asked is unreasonable.

But the claim of the taxpayer is "that, in the absence of a special contract, an expert witness is entitled only to the statutory fee." This appears to be based upon the claim that the county board did not itself employ plaintiff; that it could not make such employment, binding upon the county, merely by authorizing the county attorney to act for the board in negotiating with plaintiff. Several members of the county board, as well as the county attorney, testified in the district court. We shall not undertake to set out their testimony; but it shows that the board, after being assured by the county attorney that the successful prosecution of this case required the services of experts such as plaintiff, and having been assured by the county attorney that he had investigated the qualifications of plaintiff and the other party whom he decided to employ, did authorize the county attorney to engage plaintiff. Subsequently the board ratified such employment by allowing his claim for services rendered under such employment.

It is said that the county board cannot delegate its power to make such contracts to the county attorney. "Duties which are purely ministerial and executive and not involving the exercise of discretion may be delegated by the board to a committee or to an agent, employee, or servant." 11 Cyc. 397.

In authorizing the county attorney to return to Omaha and notify plaintiff that the county board desired him to make the necessary research and to testify in this case, and that, if he did so, his fee would be paid, the board was delegating a mere ministerial duty to the county attorney to act as its agent.

The point is also made that whatever direction was given the county attorney was given at an informal meeting of the board, that no record thereof was made, and that it cannot be proved by parol.

The testimony of the county attorney and members of the board is uncontradicted to the effect that, on the day the county attorney claims to have been authorized to engage plaintiff, the county board was in session, with a majority of the members present; that the county attorney explained fully to the board the nature of the testimony it was necessary for the state to procure; that he had talked to plaintiff, who is an expert in the line which was required; they discussed the question of fees, and, although no formal motion was considered or vote taken, the authority to act was given. As one member of the board expressed it: "We authorized him to go ahead and get those two doctors." Another member of the board stated that the county attorney told the board he needed the expert witnesses, gave them the name of plaintiff and another doctor, and, while he admits no vote was taken, he says: "Well, I considered it a vote; every man present advised him to go ahead and hire these doctors."

It is urged that this authority must be shown by the record, and cannot be proved by parol evidence. In *Ragoss v. Cuming County,* 36 Neb. 375, it was held that, where the county board had appointed a deputy and fixed his salary and he had actually rendered the service, the fact might be proved, though there was no record of an order found in the minutes of the county board.

In *Green & Van Duyn v. Lancaster County,* 61 Neb. 473, 481, in discussing a contract made with the county.

board, but not shown on its minutes, the court say: "The county board was authorized to make such agreement. They appear to have made it. The same has not only been entered into, but also fully executed. We know of no rule, or of any reason for a rule, that would not allow a contract thus made and executed to be established by parol testimony in the absence of any record of the same. So far as our observation has gone, the authorities are uniform to the effect that such may be done in the absence of a statutory requirement that a record shall be made of a contract in order to render it valid and binding."

The judgment of the district court is right, and is

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.