The Star Line of Steamers v. Alfred H. Van Vliet.

*Corporations—Action by holders of majority of stock.*

A resolution appointing a committee to investigate the affairs of the corporation, if adopted by the holders of a majority of stock at a regular meeting, is a valid act of a corporation organized under Comp. L., ch. 83, to engage in commerce and navigation.

The management of a corporation belongs generally to the directors, but the holders of a majority of stock can act where it is necessary to investigate the management.

Where the records of a corporation show that a resolution was adopted by the stockholders, it may be presumed, unless the contrary is shown, that it was adopted by the holders of a majority of stock.

Power conferred upon a committee to investigate the affairs and accounts of a corporation, implies everything necessary to execute it, such as employing an accountant and obtaining clerical assistance for him.

Error to Superior Court of Detroit. Submitted April 16. Decided April 21.

Assumpsit. Defendant brings error.

*Moore, Canfield & Warner* for plaintiff in error. Stockholders of a corporation have no authority to contract or appoint by a resolution a committee authorized to contract therefor, *McCullough v. Moss* 5 Den. 567; *Conro v. Port Henry Iron Co.* 12 Barb. 27; *Gashwiler v. Willis* 33 Cal. 11; *Cammeyer v. United German Churches* 2 Sanf. Ch. 186; the stockholders cannot interfere with the directors in the management of the affairs of the corporation, 1 Redf. on Railways 87, n. 1; Ang. & Am. Corp. § 279; Green's Brice's Ultra Vires 390, n.; where several persons are appointed to execute a power they must all join in its execution, *Scott v. Young Men's Society* 1 Doug. (Mich.) 149; Story on Agency § 139 *a.*

*E. J. Ensign* for defendant in error. Authority to employ carries with it authority to fix compensation or to do any act necessary to the purpose of the employment, Story on Agency § 58; *Anderson v. Coonley* 21 Wend. 279; *Shelton v. M. D. T. Company* 59 N. Y. 258; *Nelson v. H. R. R. R. Co.* 48 N. Y. 498; *McAlpin v. Cassidy* 17 Tex. 449; the stockholders are the supreme power in a corporation and can bind it in business, Field on Corporations 203; Green's Brice's Ultra Vires 46, 554.

Graves, J. The Star Line of Steamers is a corporation organized under chapter 83 of the Compiled Laws, and at a meeting of the stockholders two of their number, Messrs. Toulmin and Ketchum, were appointed a committee to employ two expert accountants to investigate the affairs, books and accounts of the company, and report the results. Mr. Toulmin engaged the defendant in error and agreed that his compensation should be graduated by allowing a certain sum per hour for himself and a certain other amount for an assistant. At least such seems to be a fair construction of the arrangement, and it is the construction which the court below put upon it. The company were aware he was prose-

cuting the business, and made no objection, and Mr. Ketchum expressed his assent and concurrence by joining with Mr. Toulmin in a written approval and acceptance of what had been done under the employment. The company refusing to pay, the defendant in error sued and was allowed to recover the price promised.

Errors are assigned on several exceptions to evidence, but none are considered of sufficient merit to require discussion.

The court assumed that the resolution appointing the committee was a valid act of the corporation, and this is excepted to. The court did not err. The resolution was shown from the records of the corporation, and there was no evidence tending to impeach it. It purported to be a legal expression of the sense of the body of stockholders, and so stood upon the corporation records.

Generally, no doubt, a stockholders' meeting would not be authorized to contract on such subjects, the ordinary management being with the directors; but as the purpose here was in part at least to investigate what had been done under the superintendence of the directors, it was competent for the holders of a majority of the stock to do what was done. Comp. L., § 2682. There is no ground on which the corporation can urge an intendment against the validity of the resolution, and arbitrarily deny its regularity and force. In view of the facts presented every presumption is the other way. There was no offer of proof that the stockholders present at the meeting did not hold a majority of the stock, and there was some evidence tending to show that the directors were aware of the proceeding and acquiesced.

The court left it to the jury to say whether Ketchum, the second member of the committee, concurred in Van Vliet's employment, and they found that he did. There was evidence warranting this submission; and not only so, the proposition scarcely admitted any other answer than the jury gave.

The power conferred on the committee implied a right

to agree upon the price to be paid for the service. The committee were to employ experts. The end thus required implied authority to use the proper means, and it could not have been supposed that competent accountants would be found to enter on such an undertaking without some understanding concerning the rate of compensation. The arrangement for clerical assistance was reasonable. If none had been made the defendant in error no doubt might have hired a clerk, and no reason is perceived why it was not proper to adjust the compensation with an eye to such help. Without it the expense to the company would probably have been greater still. It is not worth while to discuss other points. The case was fairly submitted and no ground is seen for disturbing the result.

The judgment should be affirmed with costs.

The other Justices concurred.