THE GENESEE COUNTY SAVINGS BANK v. THE MICHIGAN BARGE COMPANY, IMPLEADED WITH EDWARD P. FERRY AND THOMAS W. FERRY.

*Corporations—Directors—Corporate note—Bona fide holder.*

1. The ordinary management of a corporation is under the control of its directors.

2. The directors of a corporation in which every stock-holder was a director adopted a rule allowing any stockholder to have its note at any time for the par value of a quarter of his stock. Such a note was duly executed by the treasurer, at the instance of a director, and was made payable to a firm consisting of this director and one other, who together owned nearly all the stock. The note was negotiated and came into the hands of a bona fide holder. *Held* that the corporation, on being sued by the holder, could not deny its execution or escape liability upon it.

3. Negotiable paper of a corporation is valid in the hands of a bona fide holder if it appears, on its face, to have been duly issued by the corporation in conformity to the provisions of its charter. If the corporation has power under any circumstances to issue such paper, a bona fide holder has the right to presume that it was issued under the circumstances which gave authority.

Error to Ottawa. (Arnold, J.) Jan. 15.—Jan. 22.

ASSUMPSIT. Defendant brings error. Affirmed.

*George C. Stewart* and *Blair, Kingsley & Kleinhans* for appellant. A note purporting to be signed by an agent will not sustain recovery unless the agency as well as the signature are proved: *Stagg v. Elliott* 12 C. B. (N. S.) 381; *Dickinson v. Valpy* 10 B. &. C. 128; 21 E. C. L. 45; *Awde v. Dixon* 6 Exch. 869; *Grant v. Norway* 10 C. B. 689; 1 Ames Cases on B. & N. 717, n; negotiability does not prove execution: *The Floyd Acceptances* 7 Wall. 676; *Marsh v. Fulton County* 10 Wall. 683; the ordinary business of a corporation is to be managed exclusively by the board of directors: *Dabney v. Stevens* 40 How. Pr. 341; *N. Y. Iron Mine v. Negaunee Bank* 39 Mich. 644;

*McCullough v. Moss* 5 Den. 567; *Adriance v. Roome* 52 Barb. 399; the treasurer is only a special agent with defined powers: *Torrey v. Dustin Monument Ass'n* 5 Allen 329; *Brown v. Weymouth* 36 Me. 414; special authority to accept or indorse bills is construed strictly: Byles on Bills 22; Story on Agency § 66; *Sewanee Company v. McCall* 3 Head 619; *Attwood v. Munnings* 7 B. &. C. 278; while the holder of the negotiable securities of a corporation may presume them to be issued by authority: (*Lexington v. Butler* 14 Wall. 282; *Farmers' Bank v. Butchers' Bank* 14 N. Y. 631); such authority cannot be presumed where the security is executed by an officer whose powers are limited: *Stoney v. Ins. Co.* 11 Paige 635; and the holder is put upon inquiry: *Gould v. Sterling* 23 N. Y. 456; *Schooner Freeman v. Buckingham* 18 How. 182; *Alexander v. Mackenzie* 6 C. B. 766; *Mechanic's Bank v. Railroad Company* 13 N. Y. 599; the powers of statutory corporations are limited to what is expressly conferred: *Weckler v. First Nat. Bank* 42 Md. 590; *Thomas v. Railroad Company* 101 U. S. 81; *East Anglian Co. v. Eastern Co.* 11 C. B. 775; *Ashbury Case* L. R. 7 App. Cases H. of L. 653; *Eastern Counties Ry v. Hawkes* 5 H. of L. Cas. 331; and if no express power to execute bills and notes is given and the only power to execute such paper is that which is incidental to the main undertaking, no power exists to execute merely accommodation paper: *Smead v. Ry. Co.* 11 Ind. 104, 109; *F. & M. Bank v. Troy City Bank*, 1 Doug. (Mich.) 457; *Cent. Bk. v. Empire Co.* 26 Barb. 23; *Morford v. Farmers' Bk.* id. 568; *Bridgeport v. Empire Co.* 30 Barb. 421; *Farmers' Bk. v. Empire Co.* 5 Bosw. 275; *Monument Nat. Bk. v. Globe Works* 101 Mass. 57; but an accommodation note made by an officer having, by virtue of his office, power to issue a note, is valid in bona fide hands. *Monument Nat. Bank v. Globe Works* 101 Mass. 57; *Mech. Bank Ass'n v. N. Y. White Lead Co.* 35 N. Y. 505; ultra vires transactions are void; *Thomas v. Railroad Company* 101 U. S. 71; *Lockhart v. VanAlstyne* 31 Mich. 76; the capital stock and assets of a corporation are trust funds for the benefit of its

creditors, and cannot be impaired by any device of its stock-holders : *Sawyer v. Hoag* 17 Wall. 610 ; *County of Morgan v. Allen* 103 U. S. 498.

*Long & Gold* and *Geer & Williams* for appellee.    An act done by an officer is presumed to be done within the scope of his duty : *Bank of U. S. v. Dandridge* 12 Wheat. 69 ; *Supervisors v. Schenck* 5 Wall. 782 ; *McNitt v. Turner* 16 Wall. 363 ; *Carpenter v. Rannels* 19 Wall. 146 ; *Cornett v. Williams* 20 Wall. 250 ; *Keely v. Sanders* 99 U. S. 447 ; *Nelson v. Eaton* 26 N. Y. 415 ; *Kent v. Quicksilver Mining Co.* 78 N. Y. 183 ; *Warren v. Ocean Ins. Co.* 16 Me. 451 ; *Flint v. Clinton Co.* 12 N. H. 434 ; strangers dealing with a corporation are only bound to know the powers conferred on it by its charter : *Miners' Ditch Co. v. Zellerbach* 37 Cal. 543 ; *Com'rs of Knox County v. Aspinwall* 21 How. 539 ; and may presume securities issued by it and held by him in good faith to have been properly issued if it has power under any such circumstances to issue such : *Gelpcke v. Dubuque* 1 Wall. 203 ; *Bissell v. M. S. & N. I. R. R. Co.* 22 N. Y. 290 ; *Bank of Vergennes v. Warren* 7 Hill 91 ; the rule of ultra vires does not apply where the case is not that of the exercise of a power not conferred, but the abuse of a general power : *Monument Bank v. Globe Works* 101 Mass. 57 ; if a corporation has power to make or take a note for any purpose a note originally given by or to it would be valid in the hands of a bona fide holder or a bona fide indorsee without notice, even though the corpora-tion has no power to make or take the particular note : Ang. & Am. Corp. § 268 ; Field on Corp. § 270 ; *Safford v. Farmers' Bank* 4 Hill 442 ; *Willmarth v. Crawford* 10 Wend. 344 ; *Aken v. Blanchard* 32 Barb. 527 ; *Elwell v. Dodge* 33 Barb. 336 ; *Tome v. Parkersburg R. R.* 39 Md. 36 : 17 Am. 540 ; *Genesee Bank v. Patchin Bank* 3 Kern. 309 ; *Mech. Banking Ass'n v. N. Y. & Saugerties White Lead Co.* 35 N. Y. 505.

SHERWOOD, J.    This is an action of assumpsit against the Michigan Barge Company as maker, and Ferry & Brother

as indorsers, of a promissory note of which the following is a copy:

"$5000.        GRAND HAVEN, MICH., Sept. 20, 1882.

Four months after date we promise to pay to the order of Ferry & Bro. five thousand dollars, at the Importers' & Traders' National Bank, New York.    Value received.

MICHIGAN BARGE CO.

ANDREW THOMPSON, Treasurer."

The Michigan Barge Company and Edward P. Ferry pleaded the general issue. The former denied the execution of the note under oath. Thomas W. Ferry did not appear.

The Michigan Barge Company was duly organized on the 27th day of December, 1879. On the day the note sued on was made, the record shows that Thomas W. Ferry, Edward P. Ferry, John Furlong, Andrew Thompson, Henry G. Bigelow and Dwight Cutler were all the stockholders in said company; that the Ferrys held $199,325 of the stock, John Furlong $600, and the other three $25 each, and that this constituted all the stock of the company. It further appears that on that day the share of stock standing on the books in the name of Dwight Cutler was held by him solely for the use of T. W. Ferry, so as to enable Cutler to act as one of the officers and directors of the company, and he did so act and subsequently re-transferred the share of stock to T. W. Ferry.

On the day the note was given, so far as the record shows, T. W. Ferry, in matters relating to the Barge Company, acted for Edward P. Ferry as well as himself, and on the 20th day of September, 1882, Andrew Thompson was treasurer of the Barge Company and had been several years before, and Henry G. Bigelow was the secretary.

Among the articles of association adopted by the Barge Company in its organization is the following:

"The stock, property and affairs of said company shall be managed by a board of five directors who shall be stockholders, and all the rules and regulations for the conduct and management of the business of this company shall be in accordance with the provisions of the statutes under

which the company is organized, and of such by-laws as shall hereafter be adopted in pursuance of said statutes, and of these articles of association."

Among the by-laws adopted appears the following:

"The treasurer shall sign or indorse all drafts, notes and checks for the company, be custodian of its funds and disburse all moneys under direction of the board of directors; he shall give a satisfactory bond to the board of directors for the faithful performance of his duties."

"No debt shall be contracted for or against the company unless first authorized by vote of the board of directors, except such debts or credits as are necessary to carry on the ordinary current business of the company."

On the 3d day of January, 1881, the board of directors of the Michigan Barge Company took action as follows:

"The following resolution offered by Thomas W. Ferry and supported by John Furlong was adopted, viz.: That the several stockholders of this company have the right at any time, on their application to the treasurer, to the notes and indorsements of this company in such amounts as they may ask for, not exceeding at any and all times twenty-five per cent. of the par value of the stock severally owned, as appears upon the stock-books of the company, and at no time shall the secretary transfer or allow the transfer of any stock of any stockholder on the stock-book to an amount less than four times the amount of the notes and indorsements of the company which may at any time have been given such stockholder and outstanding uncanceled. Any resolution inconsistent with this is hereby rescinded."

The foregoing resolution was received in evidence without objection.

H. G. Bigelow, who was the first treasurer of the Michigan Barge Company and when the note was issued its secretary, was sworn for the plaintiff and testified: Andrew Thompson, the company's treasurer, made and executed the note; the signature of the company and body of the note are in his handwriting. He also testified that the indorsement of Ferry Brothers is in the handwriting of Thomas W. Ferry, and there is no pretense or showing that the note did not come to the possession and ownership of plaintiff in regular course of business and for value, but on the contrary it affirmatively appears without contradiction that it was so received by the Bank.

The record asserts the fact that the execution of the note was denied under oath, but by what authority or by whom such affidavit was made, we are not informed by the printed record. It is, however, difficult to understand under the facts stated in this record, and we have before us all the testimony taken in the bill of exceptions, how or upon what theory such an affidavit could be made. Under the articles of association and the by-laws of the Michigan Barge Company, its treasurer was authorized to execute the notes made by the company. In his official capacity the treasurer so signed this note. It was a negotiable promissory note, due four months after date, made and executed by the treasurer on the 20th day of September, 1882, payable to the order of Ferry & Bro., by whom it was indorsed and placed upon the market for sale with Orvis & Co., note brokers in the city of New York. These brokers sold the note to the plaintiff for its face value, and the owners of the paper received the proceeds thereof, and as we think the circuit judge very properly held, all the stockholders having any interest in the Barge Company had knowledge of the transaction; substantially that Ferry & Brother ran the Barge Company.

The plaintiff bought the note in good faith and paid its full value in money therefor, and when the same became due and plaintiff demanded its money, E. P. Ferry denied the contract made and his liability thereon, and permitted the Michigan Barge Company to deny not only all liability, but further that it ever made any contract creating the same. The evidence undisputed shows that it was for Ferry & Brother (of which firm E. P. Ferry was a member) that the note was made and executed, and for their benefit it was negotiated, and it is nowhere shown that they did not receive the benefit thereof.

Upon the facts as they appear upon this record the defense made is one not entitled to favor. This suit involves equitable rights of these parties, and unless compelled by some imperative rule of law to the contrary, it is clearly

our duty to sustain the claim made by plaintiff. After
making proof of the articles of association and by-laws of
the Michigan Barge Company, and the making and execu-
tion of the note by its treasurer, and the indorsement by
Ferry & Brother, and that the plaintiff paid full value for it,
the plaintiff offered the note in evidence. Defendants ob-
jected on the ground that it was incompetent, immaterial
and irrelevant, and stated twenty reasons in support of the
objection. After a careful examination, we find none of
them sufficient to sustain the objection taken, and it was
correctly overruled.

The plaintiff's cashier was sworn and by its counsel asked
the following question in regard to the note : " At the time
you purchased it, what knowledge had you, if any, of any
defects in the note ?" Defendants objected that it was in-
competent, irrelevant, immaterial and calling for a conclu-
sion. Certainly, if the defendant's theory of the case was
correct, the testimony was proper. As the case stood, how-
ever, latent infirmities in the note were of no consequence,
and the answer being that the witness had no knowledge of
any, it could not prejudice the defendant. The objection
was properly overruled.

The principal points relied upon by defendant's counsel
are—*First*, that if the treasurer had authority to make and
execute this note as treasurer he did not do so but executed
it as agent, and his authority as such does not appear ; *second*,
that the treasurer had no authority to make and execute the
note in behalf of the Barge Company ; *third*, that the note
was not issued in carrying on the ordinary and regular busi-
ness of the Barge Company ; it was therefore not binding
upon the company, and the plaintiff was bound to take
notice of these facts at his peril.

Counsel for defendant admit that the Barge Company had
power under the statute to issue its negotiable paper in its
regular business. The treasurer is the person designated by
the articles of association and by-laws to make such paper.
The note is made and executed in due form by the Barge
Company, by Andrew Thompson, its treasurer, and not as
agent. This disposes of the first point so relied upon.

The ordinary management of the affairs of the Barge Company was, undoubtedly, under the control of its directors. *Star Line of Steamers v. Van Vliet* 43 Mich. 364. At the time the note was issued there were but six stockholders in the company, and they were all its directors, and in that capacity duly passed the resolution of January 3, 1881, above given. This resolution, and the paragraph from the articles of association and by-laws of the Barge Company above quoted, clearly authorize the treasurer to make and execute the note in suit on behalf of the company. Either of the Ferrys, under the action of the board of directors, was entitled to have a note from the Barge Company, issued by its treasurer, of the amount of the one in suit, whenever application to the treasurer should be made therefor. No other of the stockholders, however, was entitled to such note. It is true, the firm of Ferry & Bro. were not stockholders, but its members were, and each had the right to have the note applied for by him made payable to such party as he might desire. It could make no difference to the Barge Company to whom the note was made payable; that was of no consequence; it was the note of the Barge Company or its indorsement the stockholder was entitled to when applied for. It is not necessary to determine what would be the effect of the resolution referred to were these stockholders who were not members of the board of directors, or to what extent such action would tend to bind them, but as the case is now presented it would be a fraud on justice to deny its binding force upon these defendants. This disposes of the second point.

The evidence that the plaintiff bought the note in good faith, and paid full value for it is undisputed. There is nothing appearing upon the face of the paper indicating a want of authority in the Barge Company to issue it, or that it was irregularly issued, or that it was not issued in the regular and ordinary transaction of the company's business. In such case, where the corporation has power to issue negotiable notes, and the purpose for which it issued them is not absolutely prohibited by statute, a bona fide holder

of its paper will be protected though it appears that the note was unauthorized for the particular purpose for which it was made; the rule being in this class of cases that, where a corporation has under any circumstances power to issue negotiable paper the bona fide holder has the right to presume that it was issued under the circumstances which gave the requisite authority, and the negotiable paper of a corporation, which appears on its face to have been duly issued by such corporation, and in conformity with the provisions of its charter, is valid in the hands of a bona fide holder.

The plaintiff's case is clearly within these rules. The circuit judge was evidently of the same opinion, and gave judgment accordingly.

That judgment must be affirmed with costs.

The other Justices concurred.