(15 App. Div. 530.)

# In re ELECTION OF DIRECTORS OF RAPID-TRANSIT FERRY CO.

(Supreme Court, Appellate Division, Second Department.   April 6, 1897.)

CORPORATIONS—ELECTION OF DIRECTORS—QUORUM OF STOCK.

A by-law requiring the presence of a majority of all the stock to make a quorum does not apply to meetings for the election of directors, since the amount of stock which must be represented at a stockholders' meeting may be fixed by by-law only when it is not "otherwise provided by law" (Laws 1892, c. 687, § 11, subd. 5), and Id. c. 688, § 20, provides that directors shall be chosen from the stockholders by a plurality of the votes of the stockholders voting at the election.

Appeal from special term, Kings county.

Application by the New York Investment & Improvement Company to set aside the election of directors of the Rapid-Transit Ferry Company at the elections of 1895 and 1896, on the ground that there was not a quorum at either of the meetings at which the elections were held. From an order setting aside the election held in the year 1896, and denying the application as to the election held in the year 1895 (43 N. Y. Supp. 538), both parties appeal. Reversed as to election of 1896. Affirmed as to election of 1895.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Julien T. Davies, for petitioner.
Albert B. Boardman, for respondent.

CULLEN, J.   The ground on which it is sought to set aside the elections for directors of the Rapid-Transit Ferry Company held in the years 1895 and 1896, respectively, is that a majority of the stock was not present, in person or by proxy, at either election, as required by the by-laws of the company. The learned judge at special term held the objections to the validity of the elections good. He granted the application as to the election of 1896, but denied that as to the election of 1895, on account of the laches of the petitioner.

At common law, "such of the shareholders as actually assemble at a properly convened meeting constitute a quorum for the transaction of business, and a majority of that quorum have authority to represent the corporation." Mor. Priv. Corp. § 476; 2 Kent, Comm. 293; Field v. Field, 9 Wend. 395.   By subdivision 5, § 11, Gen. Corp. Law (Laws 1892, c. 687), a corporation, by its by-laws, may "fix the amount of stock which must be represented at meetings of the stockholders in order to constitute a quorum, unless otherwise provided by law."   Under that authority the ferry company enacted the following by-law: "A majority of the stock present in person or by proxy at any meeting of the stockholders shall constitute a quorum."   The stock of this company appears to be equally divided between two antagonistic interests; the petitioner, the New York Investment & Improvement Company, owning one half, and the Staten Island Rapid-Transit Railroad Company the other half.   At the elections in dispute the petitioner did not at-

tend, either in person or by proxy, and at such elections the directors were chosen by a vote of only one-half the stock. If the by-law quoted applies to the case of elections for directors, then we agree with the special term that the elections were invalid. But we are of opinion that this by-law cannot affect or control elections for directors. The power granted the corporation to prescribe by its by-law the amount of stock which must be represented at a meeting of the stockholders to constitute a quorum is expressly limited to cases where it is not otherwise provided by law. By section 20 of the stock corporation law (Laws 1892, c. 688) it is provided, "The directors of every stock corporation shall be chosen from the stockholders at the time and place fixed by the by-laws of the corporation by a plurality of the votes of the stockholders voting at such election." If an election of directors is to be considered a meeting of the stockholders, within the terms of section 11 of the general corporation law, then the provisions of the section last cited control, and it is the right of any number of stockholders, however small may be their holdings, provided they hold a plurality of the stock voted, to choose directors. It cannot be seriously contended that the company could by its by-law modify this statutory direction, and require that a majority of the votes of the whole stock of the corporation should be necessary to elect a director, or even that a majority of such stock should vote at the election. If it could not require that a majority of the stock should vote at an election, to constitute it valid, it could not, by fixing the amount of stock necessary to represent a quorum, enable stockholders to defeat an election by staying away. The effect in both cases is practically the same. If a by-law may require that a majority shall be present, to render a valid election, I do not see why it might not require the presence of a far greater proportion, and render regular elections impracticable. It may be said that this argument is also applicable to corporate meetings other than elections, as to which the by-law, concededly, may prescribe the requisite of a quorum. As to such meetings, however, there is little danger to be feared from this source; for practically no propositions, other than elections, are submitted to stockholders' meetings which have not had the previous approval of the board of directors. The statute carefully provides against the failure to elect directors. By section 24 of the general corporation law, if the regular election has not been held on the day designated it is made the duty of the directors to forthwith call a meeting of the members of the corporation for the purpose of electing directors. If such meeting is not called and held within a month, or, if held, results in a failure to elect directors, any member of the corporation may call a meeting for the purpose of an election. By section 25 of the same act it is provided that at such meeting the members attending shall constitute a quorum, and not only elect directors, but adopt by-laws and transact any other business which may be transacted at an annual meeting of the corporation. Thus, in the end, a plurality of votes cast, however few voters there may be, will elect the directors. I cannot believe it was the intent of the statute to allow any different rule

to prevail at the elections which must precede that called by a stockholder.

The order appealed from, so far as it sets aside the election of 1896, should be reversed and the application be denied.    So far as it denies the application in respect to the election of 1895, it should be affirmed, with $10 costs and disbursements to the respondent company.   All concur.