## In re HAMMOND et al.

### (District Court, S. D. New York.　August 3, 1905.)

CORPORATIONS—ELECTION OF DIRECTORS UNDER NEW YORK STATUTE—AD-
JOURNMENT OF MEETING.

    Under New York Stock Corporation Law (3 Heydecker's Gen. Laws N.
Y. p. 2905, c. 36) § 20, which requires notice to be published of a meeting
for the election of directors, but authorizes a corporation to adopt by-laws,
a by-law which provides for the adjournment from time to time of any
stockholders' meeting at which a quorum is not present, and the transac-
tion of business at such adjourned meeting without further notice thereof,
is valid, and directors may legally be elected thereunder at an adjourned
annual meeting of which due notice was given as required by the statute.

In Bankruptcy.　On motion to confirm referee's report.

William Woodward Baldwin appearing specially for motion to set
aside service of subpœna, etc.

John D. Fearhake, for petitioning creditors.
Hornblower, Byrne, Miller & Potter, for alleged bankrupt.

ADAMS, District Judge.　This is a motion to confirm the report
of the referee in bankruptcy to whom was referred the question of
setting aside the service of the subpœna on the ground that the same
was not served upon a person duly authorized to accept the same
and that the attorneys who appeared for the bankrupt were not duly
authorized.

The determination of the question depends upon the construction
of the Stock Corporation Law of New York which provides as fol-
lows (3 Heydecker's Genl. Laws N. Y. p. 2905, c. 36) :

"Sec. 20. Directors.—The directors of every stock corporation shall be chosen
from the stockholders at the time and place fixed by the by-laws of the cor-
poration by a plurality of the votes of stockholders voting at such election.
* * * Notice of the time and place of holding any election of directors
shall be given by publication thereof, at least once in each week for two suc-
cessive weeks immediately preceding such election, in a newspaper published
in the county where such election is to be held, and in such other manner as
may be prescribed in the by-laws. * * *"

The by-laws of the corporation provide as follows (pages 3 & 4 of
commissioner's report) :

"Section 1: Annual Meeting.　The annual meeting of stockholders for the
election of directors for the ensuing year and for such other business as may
properly come before the meeting shall be held at the office of the Company
in the City of New York, Borough of Manhattan, on the last Thursday of
April of each year at 2:30 o'clock in the afternoon of that day, and should
said day fall upon a legal holiday then upon the first day thereafter not a legal
holiday.

The Secretary shall serve personally or send through the Post Office at least
ten days before such meeting a notice thereof addressed to each stockholder
at his last known post-office address and public notice thereof as required by
law.

At all meetings of stockholders, except where it is otherwise provided by
law, it shall be necessary that stockholders representing in person or by proxy
a majority of the capital stock shall be present and constitute a quorum.　In
case a quorum shall not be present at any meeting, a majority of those pres-

ent may adjourn the meeting to some future time not less than eleven nor more than twenty days later, and the Secretary shall thereupon mail or serve written notices of such adjourned meeting to each stockholder of record of the Company as hereinbefore provided."

This by-law was subsequently amended on the point of notice as shown below.

The Special Commissioner describes the facts as follows:

"In the year 1904, the last Thursday of April was the 28th. Notice of this regular annual meeting for the election of directors for that day was duly and regularly given, as provided by the charter and by-laws and by law (p. 10). Only two persons were present at that meeting, viz: James Douglas Campbell, secretary of the company, who was not a stockholder, and Ralph W. Ashcroft, who owned ten shares of stock, and nothing was done except to adjourn to May 18, 1904, and then said meeting was subsequently adjourned from time to time to September 1, 1904, at which meeting William B. McGann and four other persons were voted for as directors; but a notice was never given by publication of this meeting of stockholders for September 1st, 1904, or in any other manner. The board of directors which was elected for the last Thursday of April, 1903, known as the hold-over board, did on the 29th day of December, 1904, authorize the calling of a special meeting of the stockholders of the company for Thursday, February 2, 1905, for the purpose among other things of electing a board of directors (pp. 141–144), and written notices were sent to all the stockholders of record by the secretary, dated December 30, 1904 (p. 146) and published in the Evening Post, a newspaper published in New York County, on January 16, 23 and 30, 1905 (pp. 147–8), calling a meeting of the stockholders of the company for the purpose of electing directors for Thursday February 2nd, 1905. And on said 2nd day of February, 1905, said meeting was called to order and five persons were voted for by the stockholders for directors, one of whom was R. D. Hanna; and immediately thereafter said five persons voted for the usual officers of the company and Mr. R. D. Hanna was chosen as vice-president and accepted both of said positions; and said R. D. Hanna is the same person who was served with the subpœna herein.

As above appears, the by-laws of the company followed the suggestion of section 20 of the Stock Corporation Law and fixed the last Thursday in April of each year at 2:30 p. m. as the time for electing directors by the stockholders, and the meeting was regularly called and advertised for that day in 1904; but directors were not elected on that day. Section 24 of the Stock Corporation Law of the State of New York (3 Heydecker's Gen. Laws, p. 2860, c. 35) provides:

'If the election has not been held on the date so designated (that is, by the by-laws), the directors shall forthwith call a meeting of the members of the corporation for the purpose of electing directors, of which meeting notice shall be given in the same manner as the annual meeting for the election of directors.'

And as if anticipating such emergencies, section 23 provides:

'If the directors shall not be elected on the day designated in the by-laws or by law, the corporation shall not for that reason be dissolved; but every director shall continue to hold his office and discharge his duties until his successor be elected.'

It is practically conceded that on the 28th day of April, 1904, Mr. Ashcroft with his ten shares could have legally elected a board of directors, in spite of the by-laws which required him to have a majority of the stock. Matter of Rapid Transit Ferry Co., 15 App. Div. 533 [44 N. Y. Supp. 539]."

It was held that the service was valid and the appearance of the attorneys legal and binding.

It is well settled that provisions in statutes and by-laws requiring the election of directors to be held on a specified day are regarded as directory and the election if not held on the regular day, may

be held on a later day. Further that if there be no other irregularity or infirmity in their title they will be directors de jure. Beardsley v. Johnson, 121 N. Y. 224, 228, 24 N. E. 380. The commissioner apparently recognizes this to be the law and does not rest his decision upon the fact that the election was not made by the stockholders on the 28th of April, 1904, but upon what he considers defective notice of the adjourned meeting, which, it is contended, and I think correctly, should be regarded as simply a session of the regular meeting of which proper notice was duly given to stockholders. The by-laws, as amended, provided in this connection:

"In case a quorum shall not be present at any meeting a majority of those present may adjourn the meeting from time to time not exceeding thirty days at any one time until a quorum shall be present and the business of the meeting accomplished, and of such adjourned meeting no notice need be given."

The commissioner has proceeded upon the theory that as the Ashcroft (?) board never again republished any notice of a new day for electing directors subsequently to the 28th of April, 1904, at 2:30 P. M., the voting which took place September 1st 1904, was not a valid election of directors, and this is based on lack of notice to members of the corporation.

The law does not in terms designate a day for such elections. By the General Corporation Law, p. 2855, § 11, authority is given to corporations as follows:

"5. To make by-laws, not inconsistent with any existing law, for the management of its property, the regulation of its affairs, and the transfer of its stock, if it has any and the calling of meeting of its members. * * * By-laws duly adopted at a meeting of the members of the corporation shall control the actions of its directors. * * *"

Section 20 of the Stock Corporation Law, quoted above, provides for the election of directors and the amended by-laws provide, as shown above, that if a quorum be not present that a majority of those present may adjourn the meeting from time to time until a quorum shall be present and of such adjourned meeting no notice need be given. Proceeding accordingly, due notice having been given for the annual meeting of April 28th 1904, at 2:30 o'clock P. M., the meeting was convened and adjourned from time to time until September 1st 1904, when it elected directors. The commissioner says that in his opinion the by-laws were broader than the statute when they declared that the meeting for the election of directors could be adjourned without giving new notice by publication and as the Ashcroft board never again republished any notice of a new day for electing directors subsequently to the 28th of April, 1904, the election which took place September 1st 1904, was not a valid election of directors.

This presents the whole controversy. I find that I can not agree with the learned commissioner in his conclusion. The contrary view seems to be well established. It is said in Cook on Corporations (4th Ed.) § 599:

"A stockholder may expressly or by his acts waive his right to have a notice of a corporate meeting duly served upon him. * * *"

The same author also says (section 601):

"An adjourned meeting is but a continuation of the meeting which has been adjourned; and when that meeting was regularly called and convened and duly adjourned, the shareholders may, at the adjourned meeting, consider and determine any corporate business that might lawfully have been transacted at the original meeting. * * * Where the original meeting was duly called and convened, the stockholders are not entitled to any other notice of the adjourned meeting than that which is implied in the adjournment. * * *"

It does not appear why the stockholders should not arrange the matter to suit their own convenience, as long as they do not infringe the law, and no form of agreement could be more effective than duly adopted by-laws of the corporation. In the absence of a binding authority to the contrary, I am inclined to adopt this view, which I believe is in conformity with the general understanding and practice.

I think the September election took place at a properly adjourned session of the annual meeting and that the directors were then duly elected and they have not by any other attempted subsequent election been legally ousted from their offices.

The motion to confirm the commissioner's report is denied and the motion to strike out the alleged service of the Plasmon Company and to strike out the general appearance of the attorneys therefor is granted.