### ASHCROFT v. HAMMOND.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. LIBEL AND SLANDER (§ 101*)—PRESUMPTIONS AS TO TRUTH.

Where an unprivileged publication is libelous per se, it is presumed to be false.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 280; Dec. Dig. § 101.*]

2. LIBEL AND SLANDER (§ 100*)—ACTION—PLEADING—ISSUES.

Unless defendant pleads affirmatively as a defense that an unprivileged publication, libelous per se, is true, its falsity is not in issue, and no evidence on that question is admissible.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 249; Dec. Dig. § 100.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. LIBEL AND SLANDER (§ 101*)—ACTION—BURDEN OF PROOF.

If the truth of an unprivileged publication be pleaded as a defense, the burden of proof is on defendant.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 280; Dec. Dig. § 101.*]

4. LIBEL AND SLANDER (§ 101*)—ACTION—PRESUMPTIONS AND BURDEN OF PROOF.

Proof that the communication was one of qualified privilege rebuts the presumption of falsity, and raises a presumption of good faith on the part of defendant.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 279; Dec. Dig. § 101.*]

5. LIBEL AND SLANDER (§ 101*) — ACTION — PRESUMPTIONS AND BURDEN OF PROOF.

Where the defense of qualified privilege is pleaded in an action for libel, and a prima facie case of qualified privilege is made by the evidence, the burden is on plaintiff to destroy the privilege in order to recover.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 279; Dec. Dig. § 101.*]

6. LIBEL AND SLANDER (§ 112*)—ACTION—EVIDENCE.

Where the alleged libel was a privileged communication, the burden on plaintiff of destroying the privilege is sustained by showing that the matter published was false and the publication malicious.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 329; Dec. Dig. § 112.*]

7. LIBEL AND SLANDER (§ 123*)—QUALIFIED PRIVILEGE—QUESTIONS FOR JURY.

Though there is evidence in an action for libel that the occasion of the communication was one of qualified privilege, the case should be submitted to the jury, where there is also evidence that the published matter was false, and that defendant knew it to be false, or did not have probable cause for believing it to be true.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 362; Dec. Dig. § 123.*]

8. TRIAL (§ 142*)—TAKING CASE FROM JURY.

The court should not take a case from the jury unless the facts be undisputed, and not then unless only one inference can be drawn therefrom as to the facts to be found.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 337; Dec. Dig. § 142.*]

9. LIBEL AND SLANDER (§ 123*)—PRIVILEGED COMMUNICATIONS—QUESTIONS FOR JURY.

Whether a communication between corporate stockholders in relation to the management of the corporation was one of qualified privilege is a question for the jury.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 362; Dec. Dig. § 123.*]

10. CORPORATIONS (§ 283*)—ELECTION OF DIRECTORS—LEGALITY OF ELECTION.

The fact that only a minority of the stock of a corporation was voted on at the election of directors does not make the election illegal.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1216; Dec. Dig. § 283.*]

11. LIBEL AND SLANDER (§ 25*)—PRIVILEGED COMMUNICATION—PUBLICATION.

The sending by telegraph of a communication by one corporate stockholder to another is not such a disclosure to others of the matter therein as to destroy its character as privileged.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 107, 108; Dec. Dig. § 25.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Ralph W. Ashcroft against John Hays Hammond. From a judgment for defendant on a nonsuit, plaintiff appeals. Reversed.

The action was for damages for libel. The plaintiff and the defendant were stockholders in a business corporation, named the Plasmon Company, of which the plaintiff was also manager. They disagreed as to the affairs and management of the company. At the annual meeting of 1904 a board of directors friendly to the plaintiff was elected. Thereupon the old board of directors and officers refused to go out, but held possession of the company. This was done at the instigation of the defendant. Samuel L. Clemens, a stockholder, sent the defendant the following telegram concerning the trouble:

"Broughton suggests Truslow should act as your attorney and proxy in Plasmon matter. We cannot accept Davis, or any one else as permanent manager, but will guarantee to protect your 22% interest on terms stipulated by you. Papers covering Truslow's appointment mailed you special delivery to-night. Please return them to me at Hotel Wolcott. Please wire Wheeler instructing him to vacate Plasmon offices forthwith, withdraw his policemen, recognize new board and release bank account. Also wire Truslow to relinquish deed of trust and other documents on payment of your loan by us. Telegraph reply Hotel Wolcott."

To which the defendant responded by telegram as follows, the Ashcroft named therein being the plaintiff:

"I shall strongly oppose turning over company to Ashcroft's board of directors. He has been identified with the rotten administration of Cook and Wright, and is incompetent or worse. Unless Davis accepts management and my stipulation that Ashcroft shall not be employed by the company, I shall retain Wheeler for the present. You have been imposed upon by Ashcroft and others regarding Wheeler. Am going to St. Louis tomorrow to be absent 10 days. On my return, I will discuss matters further with you and others interested. Meanwhile, will extend date of payment my notes."

The complaint is upon this telegram as a libel.

The answer consists of certain minor denials. A defence of privilege, and the same matter as a partial defence, i. e., in mitigation of damages.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

R. A. Mansfield Hobbs, for appellant.

James Byrne (Elihu Root, Jr., on the brief), for respondent.

GAYNOR, J. The published matter is libelous per se if not protected by privilege. The non-suit was granted at the close of the plaintiff's case on the ground that the alleged defamatory communication was privileged. This ruling does not seem to have taken into consideration the law of privilege. In the case of an unprivileged publication which is libelous per se, the law presumes it to be false, and unless the defendant pleads as a defense that it is true, its falsity is not in issue, and no evidence on that head is permissible. The publication has to be taken as false during the trial, and the only question is one of damages. If the truth be pleaded as a defence, the burden is of course on the defendant to make it out. But in the case of a qualifiedly privileged communication, the law is the reverse. The occasion of qualified privilege out of which the publication arose does away with the presumption of falsity, and raises a presumption of good faith in the defendant; and therefore if the defence of such qualified privilege be pleaded, and the occasion of qualified privilege be shown,

either on the plaintiff's case or afterwards, the burden is put upon the plaintiff of destroying the privilege in order to recover. This he may do by showing that the published matter was false and the publication malicious. Having proved the matter false, he proves malice by show⹁ ing that the defendant knew it was false, or did not have probable cause to believe it was true; for there is no privilege to lie—except the case of absolute privilege, which has a very limited application, and with which we are not now dealing. If the defence of the truth be pleaded and proved, the defence of qualified privilege is unnecessary; it does not need to be invoked; but if the defence of the truth be not made out, or be not pleaded (as is the case here), but only the defence of privilege, the burden is on the plaintiff to defeat the privilege, when the privileged occasion is shown, in the way stated in the foregoing. Hume v. Kushe, 42 Misc. Rep. 414, 421, 87 N. Y. Supp. 109.

Applying these rules to this case, it is apparent that the non-suit was error.

1. Assuming that the evidence for the defendant showed that the occasion of the communication was one of qualified privilege, the case was nevertheless for the jury, for there was also evidence tending to destroy the privilege, viz., that the published matter was false, and that the defendant knew it was false, or did not have probable cause to believe it to be true. A trial judge may not take a case from the jury unless the facts be undisputed, and not then unless different inferences may not be drawn therefrom in respect of the ultimate fact or facts to be found. The defendant, and Mr. Clemens, to whom the defamatory communication was addressed, had corresponding pecuniary interests in the company as stockholders; but that was only lawful occasion for them to address communications to each other honestly and in good faith for the welfare or protection of such interests (Odgers on Libel and Slander, ch. 9, p. 234, sub. II; Broughton v. McGrew [C. C.] 39 Fed. 672, 5 L. R. A. 406; Scullin v. Harper, 78 Fed. 460, 24 C. C. A. 169); and whether the defendant's communication was of that character was the controlling fact which should have been submitted to the jury, if the rule of qualified privilege was applicable.

2. But as the case stood, viz., on the evidence of the plaintiff's side only, no occasion of qualified privilege was shown. It appeared that a new board of directors favorable to the plaintiff had been elected, that the defendant was engaged with others in the enterprise of trying to keep it out and the old board in, and that he sent the defamatory telegram in furtherance thereof. That only a minority of the stock of the corporation was voted on at the election of the directors did not make the election illegal; the stockholders attending or represented make a quorum. Stock Corporation Law (Laws 1892, p. 1828, c. 688) § 20; Matter of Rapid Transit Ferry Co., 15 App. Div. 530, 44 N. Y. Supp. 539. The law of privilege does not cover unlawful objects or purposes. It may be that the defendant is able to establish the invalidity of the said election, in which case an occasion of qualified privilege would appear. This matter must be left for careful consideration on the new trial.

3. The sending of the communication by telegraph was not such a disclosure of it to others as destroyed the privilege. That is a usual

means of communication, and the facts of this case do not constitute an exception to the rule. Klinck v. Colby, 46 N. Y. 427, 7 Am. Rep. 360; Edmondson v. Birch, 1 K. B. 371.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.